1

2                                     **\*E-FILED 11-09-2010\***

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

| | |
|---|---|
| 12 ABAXIS, INC., | Case No. C 10-2840 LHK |
| 13         Plaintiff-Counterdefendant, | **STIPULATED [PROPOSED] PROTECTIVE ORDER** |
| 14    v. | |
| 15 CEPHEID, | **(MODIFIED BY THE COURT)** |
| 16         Defendant-Counterclaimant. | |

17

18       1.     <u>PURPOSES AND LIMITATIONS</u>

19           Disclosure and discovery activity in this action are likely to involve production of

20 confidential, proprietary, or private information for which special protection from public

21 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22 Accordingly, the parties hereby stipulate to and petition the Court to enter the following

23 Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

24 protections on all disclosures or responses to discovery and that the protection it affords extends

25 only to the limited information or items that are entitled under the applicable legal principles to

26 treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that

27 this Stipulated Protective Order creates no entitlement to file confidential information under seal;

28 Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including information that a Designating Party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

2.4    "Highly Confidential—Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" information or items the disclosure of which would create a substantial risk of serious injury that could not be avoided by less restrictive means.  Such information may fall into one or more of the following categories:  business plans, business development, product development, product designs, engineering information, product specifications, software, trade secrets, market analysis, competitor analysis, customer information, vendor information, internal financial/accounting information, operations information, production information, distributor agreements, license agreements, development agreements, sales agreements, pricing information, cost information, and business relationships with third parties.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party:  a Party or non-party that designates information or

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.8    Protected Material:    any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

2.9    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party or of a corporate parent owning 100% of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therfrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

2    or a court order otherwise directs.  **For a period of six months after the final disposition of this**

     **action, this court will retain jurisdiction to enforce the terms of this order.**

3            5.      DESIGNATING PROTECTED MATERIAL

4            5.1      Exercise of Restraint and Care in Designating Material for Protection.

5    Each Party or non-party that designates information or items for protection under this Order must

6    take care to limit any such designation to specific material that qualifies under the appropriate

7    standards.   A Designating Party must take care to designate for protection only those parts of

8    material, documents, items, or oral or written communications that qualify—so that other portions

9    of the material, documents, items, or communications for which protection is not warranted are

10   not swept unjustifiably within the ambit of this Order.

11           Mass, indiscriminate, or routinized designations are prohibited.  Designations that

12   are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to

13   unnecessarily encumber or retard the case development process, or to impose unnecessary

14   expenses and burdens on other parties), expose the Designating Party to sanctions.

15           If it comes to a Party's or a non-party's attention that information or items that it

16   designated for protection do not qualify for protection at all, or do not qualify for the level of

17   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

18   withdrawing the mistaken designation.

19           5.2      Manner and Timing of Designations.  Except as otherwise provided in this

20   Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

21   material that qualifies for protection under this Order must be clearly so designated before the

22   material is disclosed or produced.

23           Designation in conformity with this Order requires:

24           (a)      for information in documentary form (apart from transcripts of

25   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each

27   page that contains protected material.  If only a portion or portions of the material on a page

28   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."   Alternatively, the Party or non-party offering or sponsoring testimony, may designate portions of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" within 10 days from the receipt of the official transcript by the Party or non-party and provide its designation in writing to all other Parties. Until the expiration of the 10 day period, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Subsequently, only those portions of the testimony designated for protection within the 10 days

1   shall be covered by the provisions of this Stipulated Protective Order.

2           Transcript pages containing Protected Material must be separately bound by the

3   court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY

4   CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party

5   offering or sponsoring the witness or presenting the testimony.

6           (c)     for information produced in some form other than documentary and

7   for any other tangible items, that the Producing Party affix in a prominent place on the exterior

8   of the container or containers in which the information or item is stored the legend

9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only

10  portions of the information or item warrant protection, the Producing Party, to the extent

11  practicable, shall identify the protected portions, specifying whether they qualify as

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

13          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

14  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the

16  Designating Party's right to secure protection under this Order for such material.  If material is

17  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

18  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

19  timely notification of the designation, must make reasonable efforts to assure that the material is

20  treated in accordance with the provisions of this Order.

21      6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

22          6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

23  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

24  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

25  waive its right to challenge a confidentiality designation by electing not to mount a challenge

26  promptly after the original designation is disclosed.

27          6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

28  Designating Party's confidentiality designation must do so in good faith and must begin the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.    A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and for no other purpose.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Receiving Party's preparation and pursuit of claims and defenses in this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author or indicated recipient of the information or item, or an employee of the disclosing party or non-party.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

        (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     the Receiving Party's House Counsel, who will use the information solely for assisting outside counsel in prosecuting, defending, or attempting to settle this litigation, who will not reveal, share or discuss information or its contents with anyone involved in competitive decision making and who will sign the "Agreement To Be Bound by Protective Order" that is attached hereto as Exhibit A prior to obtaining information access,

        (c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

        (d)     the court and its personnel;

        (e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

        (f)     the author or indicated recipient of the document, or an employee of the disclosing party or non-party.

        7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to Experts</u>.

        (a)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current curriculum vitae, (3) identifies the Expert's current and prior employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

has provided professional services at any time during the preceding three years[1], and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within six court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third- party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

3 OTHER LITIGATION

4          If a Receiving Party is served with a subpoena or an order issued in other litigation

5 that would compel disclosure of any information or items designated in this action as

6 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

7 Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible)

8 immediately and in no event more than three court days after receiving the subpoena or order.

9 Such notification must include a copy of the subpoena or court order.

10         The Receiving Party also must immediately inform in writing the Party who

11 caused the subpoena or order to issue in the other litigation that some or all the material covered

12 by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

13 must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

14 that caused the subpoena or order to issue.

15         The purpose of imposing these duties is to alert the interested parties to the

16 existence of this Protective Order and to afford the Designating Party in this case an opportunity

17 to try to protect its confidentiality interests in the court from which the subpoena or order issued.

18 The Designating Party shall bear the burdens and the expenses of seeking protection in that court

19 of its confidential material—and nothing in these provisions should be construed as authorizing or

20 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21      9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23 Protected Material to any person or in any circumstance not authorized under this Stipulated

24 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

25 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

26 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

27 terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

28 Agreement To Be Bound" that is attached hereto as Exhibit A.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     INFORMATION PROTECTED BY PRIVILEGE, WORK PRODUCT, OR OTHER DOCTRINE

The inadvertent production of any document or other disclosure of Protected Material which the Designating Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against discovery shall not necessarily be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto.  Within a reasonable time after the discovery of the inadvertent production, the Designating Party shall give notice to the Receiving Party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents.  Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the Designating Party within fifteen (15) days of such demand, unless the Receiving Party objects to the claim of privilege.  If the Receiving Party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, the receiving party and the Designating Party shall attempt to resolve the dispute.  If the dispute is not resolved, the Receiving Party may move the Court to compel the re-production of the document(s) at issue.  From the time of the Designating Party's notification of inadvertent production, any documents or information as to which notice is given shall not be disclosed to anyone other than Outside Counsel and shall not be used for any purpose other than the motion to compel re-production, until the Court enters an order ruling otherwise, or until the Receiving Party and the Designating Party otherwise agree.

12.     LIMITS ON DISCOVERY OF EXPERT MATERIAL

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Only expert reports exchanged between the parties and the information relied on by the

2    experts to form the opinions in the exchanged reports are discoverable.  Attorney communications

3    to and from an expert, draft reports, and notes of experts, and other documents relating to

4    communications to or from attorneys do not need to be logged in a privilege log and are not

5    discoverable unless the expert has relied on such communication or document to form an opinion

6    stated in the expert's exchanged report.  Further, the substance of attorney communications with

7    an expert in preparation for the expert's deposition or trial testimony are not discoverable unless

8    the expert has relied on the attorney communications to form an opinion stated in the deposition

9    or trial testimony.

10        13.    FINAL DISPOSITION

11    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

12    after the final termination of this action, each Receiving Party must return all Protected Material

13    to the Producing Party or destroy it.  As used in this subdivision, "all Protected Material" includes

14    all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any

15    Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

16    must submit a written certification to the Producing Party (and, if not the same person or entity, to

17    the Designating Party) by the sixty day deadline that identifies (by general category, where

18    appropriate) all the Protected Material that was returned or destroyed and that affirms that the

19    Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

20    reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

21    are entitled to retain an archival copy, in addition to the originals, of all pleadings, motion papers,

22    transcripts, legal memoranda, correspondence, or attorney work product, even if such materials

23    contain Protected Material.  Any such archival copies that contain or constitute Protected Material

24    remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

25        14.    MISCELLANEOUS

26        14.1    Right to Further Relief.  Nothing in this Order abridges the right of any

27    person to seek its modification by the Court in the future.  Nothing in this Order shall be deemed

28    to preclude any Party from seeking and obtaining, on an appropriate showing, such additional

Fenwick & West LLP
Attorneys at Law
Mountain View

protection with respect to the confidentiality of these proceedings or specific documents or testimony as that Party may deem appropriate.

14.2    <u>Right to Assert Other Objections</u>.    By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  October 27, 2010                    /s/ *Ricardo Rodriguez*
_____

RICARDO RODRIGUEZ (CSB NO. 173003)
rr@cooley.com
ADAM M. PIVOVAR (CSB NO. 246507)
apivovar@cooley.com
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2135
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400

Attorney for Plaintiff-Counterdefendant
ABAXIS, INC.


DATED: November 8, 2010                    /s/ *Carolyn Change*
_____

LYNN H. PASAHOW (CSB NO. 54283)
lpasahow@fenwick.com
CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
RYAN A. TYZ (CSB No. 234895)
rtyz@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for  Defendant-Counterclaimant
CEPHEID

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**AS MODIFIED BY THE COURT,**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

^

DATED:     November 9, 2010                                    _____

Judge ~~Lucy H. Koh~~ Howard R. Lloyd
United States ~~District~~ Magistrate Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Abaxis, Inc. v. Cepheid*, Case No. 5:10-cv-02840-EMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW