Juanita R. Brooks (CA # 75934 / brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Steven C. Carlson (CA # 206451 / scarlson@fr.com)
Limin Zheng (CA # 226875 / zheng@fr.com)
Rebecca Charnas Grant (CA #264214 / rgrant@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Jonathan E. Singer (CA #187908 / singer@fr.com)
Rebecca L. Shult (*pro hac vice* / shult@fr.com)
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Brian J. Doyle (*pro hac vice* / bdoyle@fr.com)
FISH & RICHARDSON P.C.
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorneys for Defendant and Counterclaimant
CEPHEID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| ABAXIS, INC., | Case No. C 10-2840 LHK (HRL) |
| Plaintiff-Counterdefendant, | **CEPHEID'S OPPOSITION TO ABAXIS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO CEPHEID'S COUNTERCLAIMS** |
| v. | |
| CEPHEID, | |
| Defendant-Counterclaimant. | |

## I. INTRODUCTION

Abaxis' motion is remarkable in several respects. First, Abaxis is apparently proceeding on a theory that the '597 patent would expire as against Cepheid in 2014, whereas the patent would expire for the rest of the world in 2012. *See* Brief at 6. ("An affirmative ruling on Abaxis' defenses would only have the effect of precluding Cepheid from asserting its counterclaim, but would leave untouched the underlying, substantive issue as to other parties, since only Cepheid was involved in the licensing negotiations."). This theory, that the '597 patent would expire two years later for Cepheid than for the rest of the world, is baseless in the law, divorced from the facts, and accordingly futile.

Procedurally, Abaxis' motion fares no better. Abaxis attempts to justify its tardiness by asserting that "Cepheid failed to provide Abaxis a proper disclosure of the bases for its Tenth Counterclaim prior to filing its motion for summary judgment on that counterclaim." *See* Brief at 2. This is false. Cepheid provided Abaxis a copy of Abaxis' terminal disclaimer on December 13, 2010, attached to Cepheid's interrogatories. Moreover, Cepheid referenced the same terminal disclaimer in its counterclaims on December 17, 2010. Accordingly by December 2010, Abaxis was on full notice of the basis for Cepheid's counterclaims and was required to investigate the issue at that time. There is no excuse for waiting ten months to add these equitable defenses.

This is the second briefing cycle and the second hearing date reserved to resolve a non-issue. Abaxis should have admitted the 2012 expiration date of the '597 patent when it answered Cepheid's counterclaim in April 2011. That Cepheid and the Court should expend their resources debating Abaxis' twice-filed disclaimer is unsupportable.

## II. PROCEDURAL BACKGROUND

In arguing its case for diligence, Abaxis glosses over the record – in particular Cepheid's sustained pressing of Abaxis for any information about the terminal disclaimer that would somehow bar its enforcement. As set forth below, Cepheid put Abaxis on early and particularized notice of Cepheid's counterclaim:

- On December 13, 2010, Cepheid attached copies of the terminal disclaimer as an exhibit to the following two interrogatories regarding the term of the '597 patent:

1

INTERROGATORY NO. 13:
State the expiration date of U.S. Patent No. 5,624,597.

INTERROGATORY NO. 14:
To the extent that Abaxis contends that the TERMINAL DISCLAIMER attached hereto as Exhibits A and B does not govern the expiration of U.S. Patent No. 5,624,597, state all factual and legal bases in support of any such contention.

- Doc. No. 86-5, Ex. 2. Within 30 days of receipt of these interrogatories, Abaxis was legally obligated to investigate the facts surrounding its terminal disclaimer of the '597 patent. Fed. R. Civ. P. 33.

- On December 17, 2010, Cepheid filed its counterclaim seeking judgment that the expiration date of the '597 patent is governed by Abaxis' terminal disclaimer. Doc. No. 32 at 31-32, Tenth Counterclaim. In particular, Cepheid alleged that "In view of the Terminal Disclaimer filed by Abaxis, the '597 patent term also expires no later than May 9, 2012." *Id.* at ¶ 53. Cepheid specified the basis for its counterclaim by reciting the dates that Abaxis filed (and re-filed) the terminal disclaimer with the Patent Office, and quoting key terms of the terminal disclaimer. *See id.* at ¶¶ 48-54.

- On January 12, 2011, Abaxis responded to Cepheid's interrogatories with a non-answer, declining to state the '597 patent's expiration date and providing no basis for why its terminal disclaimer should not be enforced. Doc. No. 86-6, Ex. 3.

- February 2, 2011 was the Court's deadline for amending the pleadings. Doc. No. 31 at 2.

- After receiving Abaxis' responses in January, Cepheid repeatedly asked Abaxis to properly respond to its interrogatories. Doc. No. 96-3, Ex. 3 [Jan. 20 2011 email]; Doc. No. 96-6, Ex. 6 at 2 [Letter from Feb. 10, 2011 meet and confer].

- On March 7, 2011 Abaxis supplemented its response to Interrogatories 13 and 14, stating that is investigation was incomplete, and admitting that the prosecuting attorney remembered nothing. Doc. No. 86-7, Ex. 4 at 4-5.

- On April 26, 2011 Abaxis answered Cepheid's counterclaim. Abaxis admitted that it had filed its terminal disclaimer. However, in response to Cepheid's allegation (Doc. No. 32 at ¶ 53) that the patent expired in accordance with the terminal disclaimer, Abaxis simply responded: "Denied." Doc No. 53 at ¶ 53. Abaxis was legally obligated to ensure that this denial was warranted by the facts and/or the law. Fed. R. Civ. P. 11(b).

- Cepheid continued to seek an explanation from Abaxis as to why it believed that its terminal disclaimer does not affect the term of its patent. *See, e.g.*, Doc. No. 96-5, Ex. 5 (email from Cepheid to Abaxis dated May 19, 2011 seeking full response to Cepheid's interrogatories 13 and 14); Doc. No. 96-6, Ex. 6 (letter from Cepheid to Abaxis dated May 5, 2011 seeking full response to Cepheid's interrogatories 13 and 14). Cepheid even reiterated the basis of its counterclaim:

  Cepheid will rely on the fact that Abaxis' attorneys filed (twice) terminal disclaimers with the Patent Office in connection with the prosecution history of the '597 patent, and thus it is Cepheid's contention that the '597 patent expires coterminously with the '732 patent.

Doc. No. 95-5, Ex. 5.

- On August 24, 2011, Cepheid moved for summary judgment to enforce Abaxis' terminal disclaimer. Doc. No. 85. The basis of this motion was *exactly* the same as the basis of the counterclaim it filed in December of last year. *Id*.

- On September 22, 2011 Abaxis filed its opposition to Cepheid's summary judgment motion which—for the first time—raised the equitable defenses of laches and acquiescence. Doc. No. 92.

In view of this record, and the points and authorities below, Abaxis was on full notice by December 2010 of the basis of Cepheid's counterclaims. For Abaxis to say otherwise is to admit that it did not investigate the matter as obligated under Rules 26 and 33 when responding to Cepheid's interrogatories or as obligated under Rule 11 when answering Cepheid's counterclaim.

### III.  LEGAL STANDARDS

Because Abaxis' motion for leave to amend is untimely under the Court's December 17, 2010 Scheduling Order (Doc. No. 31), it should be reviewed under the heightened "good cause" standard of Rule 16(b). Fed. R. Civ. P. 16(b)(3). The focus of the good cause inquiry is whether the party seeking modification was diligent. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992). The burden is on the movant to prove that the scheduling deadline could not have been met despite its diligence. *See John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D.Fla., 2007) (*citing Johnson*, 975 F.2d at 609). The liberal amendment policy of Rule 15 does not apply to the good cause inquiry under Rule 16. *Johnson,* 975 F.2d at 607; *see also Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1269-70 (Fed. Cir. 2002) (affirming district court's reliance on Rule 16(b) in denying motion to amend); *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 457 (N.D.Cal. 2008).

If "good cause" under Rule 16 is shown, the movant must still demonstrate that amendment would be proper under Rule 15. *Johnson*, 975 F.2d at 608. Although leave to amend under Rule 15 is freely given when justice so requires, it "is not to be granted automatically." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Thornton v.*

3

*McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). In addition to undue prejudice, bad faith and futility, a court may consider undue delay and whether the movant has previously amended the complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

## IV. ARGUMENT

### A. Abaxis does not have good cause to amend its answer because it has not been diligent in seeking its amendment.

Rule 16 governs Abaxis' motion for leave to amend. Abaxis does not have good cause under Rule 16 for amending the scheduling order because it did not diligently seek to amend its pleadings. *See Johnson*, 975 F.2d at 610. Abaxis tacitly admits as much in its motion papers— nowhere in its motion papers does Abaxis explicitly assert that it meets the good cause standard of Rule 16. Instead, Abaxis couches its argument under the less stringent Rule 15, which is the wrong standard now that the date for amendments under the Scheduling Order has passed. Fed. R. Civ. P. 16.

#### 1. Abaxis' failure to seek its proposed amendment for ten months does not reflect diligence.

Abaxis cannot demonstrate diligence. As set forth in the procedural background above, Abaxis has known the basis of Cepheid's contention since December 2010. This is when Cepheid attached a copy of Abaxis' terminal disclaimer to Interrogatory Nos. 13 and 14, and when Cepheid referenced and quoted the terminal disclaimer in its counterclaims. Thus, there is no basis for Abaxis' plea that it lacked notice until Cepheid's summary judgment motion. *See* Brief at 2. ("Cepheid failed to provide Abaxis a proper disclosure of the bases for its Tenth Counterclaim prior to filing its motion for summary judgment on that counterclaim.").

Abaxis states its diligence argument as follows: "As soon as Abaxis learned of the bases of Cepheid's counterclaim, Abaxis moved diligently to investigate." Brief at 2. This is false. Abaxis had a duty under Rule 26 and 33 to diligently investigate the circumstances surrounding the terminal disclaimer in December 2010 when Cepheid served its interrogatories. Furthermore, Abaxis had a duty under Rule 11 to diligently investigate the terminal disclaimer in April 2011

4

before it answered Cepheid's counterclaim as "Denied." Doc No. 53 at ¶ 53. That it only started to diligently investigate in August 2011 is an awkward assertion by Abaxis and does not satisfy the diligence requirement of Rule 16.

Abaxis attempts to salvage its diligence failings by attacking Cepheid's interrogatory responses. Abaxis admits that Cepheid provided Abaxis a copy of the terminal disclaimer, but nonetheless contends that this is insufficient. Abaxis' apparent concern is that Cepheid's response did not walk through the statutory and regulatory framework. *See* Brief at 4 ("Cepheid's response failed to provide, among other things, Cepheid's contention that the terminal disclaimer met the statutory requirements, the legal bases for Cepheid's contention that the terminal disclaimer was effective, and Cepheid's knowledge of the terminal disclaimer in 2005."). But reading the law is precisely what Abaxis was obligated to do when it responded to Cepheid's December 2010 interrogatories, and is precisely what Abaxis was obligated to do when it answered Cepheid's December 2010 counterclaim. *See, e.g.*, Fed. R. Civ. P. 11(b).

Furthermore, nothing stopped Abaxis from timely pleading its equitable defenses. Abaxis has attempted to state its claim relying solely on information under its own control. Nowhere does Abaxis contend that these defenses materialized based on facts learned from Cepheid in discovery.

Thus, Abaxis learned of Cepheid's counterclaim, and the bases therefore, **six weeks before** the February 2, 2011 deadline for amending the pleadings. *See* Doc. No. 31. Despite this, Abaxis waited nearly **eight months after** the deadline to make this motion. On this record, there is no diligence, and Abaxis' motion must therefore be denied. *Johnson*, 975 F.2d at 610.

**2. Abaxis' "diligence" position confirms that its denial of Cepheid's counterclaim was unwarranted.**

In arguing that it did not delay in amending its answer, Abaxis has painted itself into a corner regarding its denial of Cepheid's counterclaim. This is because Abaxis' purported diligence is premised on the notion that it could not—and did not— identify its equitable defenses to Cepheid's counterclaim until August 2011 when Cepheid filed its summary judgment motion. However, in *April* 2011, Abaxis supposedly had a basis to deny Cepheid's counterclaim.

5

Doc. No. 53 at ¶ 53. In other words, Abaxis' current "diligence" position is inconsistent with its denial in April. More specifically,

1. In April 2011 Abaxis denied that the terminal disclaimer affects the expiration of its patent. Doc. No. 53 at ¶ 53 ("Denied."). Such a denial requires a basis under Rule 11.
2. In August 2011, the *sole* bases for opposing Cepheid's motion for summary judgment were its equitable defenses. *See* Doc. No. 92 [S.J. Opposition].
3. Abaxis' current position is that it developed these equitable defenses no earlier than August 2011. *See* Brief at 4-5 ("In the course of this further investigation [after Cepheid's summary judgment motion], Abaxis uncovered evidence that gave it a reasonable belief that Cepheid's counterclaim should be barred under equitable doctrines, such as laches, estoppel, and acquiescence.").
4. Therefore, either Abaxis knew about its defenses when it answered Cepheid's counterclaim, or alternatively, Abaxis had no basis for denying Cepheid's counterclaim.

Thus, if it is true that Abaxis only learned of its equitable defense (*i.e.*, its *only* defenses) in August 2011, then apparently it had no defenses in April 2011 when it answered Cepheid's counterclaim, making its denial unwarranted. Accordingly, there has been a substantial burden on Cepheid and the Court in having to litigate and adjudicate non-issues that should been resolved by admission. Forcing Cepheid to move for summary judgment and to oppose this motion for leave, and taking up hearing dates on both sets of briefing, is a needless consumption of resources. None of this burden and expenses would have been incurred had Abaxis admitted what it should have in response to Cepheid's counterclaim – *i.e.*, that the terminal disclaimer governs.

**B. Abaxis' proposed amendments are futile and prejudicial.**

Even if Abaxis could satisfy the Rule 16 requirement for showing good cause—which it cannot—its motion to amend should still be denied because Abaxis' proposed amendments fail to satisfy the requirements of Rule 15 for amending the pleadings. *See Johnson*, 356 F.3d at 1077.

In addition to Abaxis' untimeliness, as discussed above, the proposed amendments would be futile and prejudicial.

### 1. Abaxis' proposed amendments are futile because its equitable defenses are meritless.

Abaxis seeks to proceed on a theory that the '597 patent should expire in 2012 for the rest of the world but in 2014 as against Cepheid. On its face, this is a futile claim, for which no leave is justified. *See Johnson*, 356 F.3d at 1077.

Moreover, Abaxis' claim is futile because it is simply a legal fact that its patent expires in accordance with the terminal disclaimer in 2012. Abaxis does not deny that its terminal disclaimer satisfies all of the requirements set forth in the pertinent law governing terminal disclaimers. Doc No. 92 at 1-3 [S.J. Opposition]. Nor does Abaxis explain how its terminal disclaimer was filed in "error" or why such an error would even matter. *Id*. at 3. And Abaxis fails to provide any legally cognizable theory as to how the equitable doctrines of laches and acquiescence would undo the legal fact of its terminal disclaimer.[1]  *Id*. at 6-9.

Cepheid's summary judgment papers discuss in detail the inapplicability of Abaxis' equitable defenses. For brevity's sake, that discussion is incorporated by reference, and a brief summary is provided below.

#### a) Abaxis' laches defense is futile.

First, laches cannot negate the legal fact of Abaxis' terminal disclaimer. Cepheid's counterclaim seeks to enforce this legally binding document. Abaxis' case law concerns the application of laches to bar affirmative claims of right (such as infringement, inventorship, etc.). None of Abaxis' case law is applicable to what is essentially a *defensive* counterclaim by Cepheid.

---

[1] In its motion papers and proposed amended pleadings, Abaxis seeks, for the first time, to assert the equitable defense of estoppel. *Cf.* Doc. No. 92 [S.J. Opposition] *with* Doc. Nos. 97 at 5 [Brief], *and* 98-9, Ex. 9. Abaxis has not articulated any grounds for this defense, let alone good cause for permitting a late amendment to the pleadings to add it.

7
OPP TO ABAXIS' MOT FOR LEAVE TO FILE AN
AMENDED ANSWER TO COUNTERCLAIMS
Case No. C 10-2840 LHK (HRL)

Furthermore, an element of laches is "unreasonable and unexcused delay in bringing the claim." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993). There was no claim for Cepheid to assert against Abaxis prior to this litigation, because there was no case or controversy when Cepheid was licensed to the patents and paying royalties thereunder.

Another requirement of laches is "material prejudice to the defendant as result of the delay." *Id.* There is no prejudice to Abaxis because Abaxis has known about the terminal disclaimer since Abaxis filed it in 1996. Enforcing the disclaimer in 2010 could have been no surprise to Abaxis, which prepared and filed the document itself.

### b) Abaxis' acquiescence defense is futile.

Abaxis' acquiescence defense also fails. Abaxis cannot satisfy the elements of acquiescence which, according to Abaxis, are "(1) that the party knew or should have known of facts giving rise to the claim; (2) the party made implicit or explicit assurances to the party-opponent; and (3) the party-opponent relied on the assurances." Doc. No. 92 at 10-11[S.J. Opposition] (citing *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL4670435, at *4 (E.D. Tex. Sept. 4, 2009)). Abaxis proffers no evidence that Cepheid knew of Abaxis' terminal disclaimer or that it made any representation to Abaxis about it. *See* Doc. Nos. 92 and 94. And Abaxis cannot articulate how it relied on any representation, let alone explain how any such representation would have been reasonable given that Abaxis knew the truth about its own disclaimer. *See* Doc. No. 92 [S.J. Opposition]. Since there is no evidence of any such representation, Abaxis' theory is essentially that Cepheid "acquiesced" in nullifying the terminal disclaimer by not mentioning the '597 patent term. This is a futile theory.

In sum, Abaxis' terminal disclaimer is legally operative and there are no equitable grounds for somehow negating the disclaimer. Thus Abaxis' proposed amendments are futile.

**2.     Abaxis' proposed amendments would unduly prejudice Cepheid with costly and pointless proceedings.**

Leave to amend should be denied when the amendment would be unduly prejudicial. *Thornton*, 261 F.3d at 799.  These defenses are prejudicial to Cepheid because they needlessly impose burdensome discovery and further proceedings.  Thus far, Cepheid has provided two rounds of briefing on this topic.  Abaxis has now booked a second hearing date with the Court to resolve an issue that it should have admitted to last April.  These are costly proceedings.  Compounding this burden with downstream discovery practice and any applicable summary judgment proceedings, motions *in limine*, etc., would be a pointless tying up of resources, for the parties and the Court.

V.   **CONCLUSION**

For the foregoing reasons, the Court should deny Abaxis' motion for leave to amend its answer.

Dated:  October 26, 2011                                                FISH & RICHARDSON P.C.


By:  */s/ Steven C. Carlson*
       Steven C. Carlson

Attorneys for Defendant and Counterclaimant
CEPHEID

50811136.doc