UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABAXIS, INC., | Case No.: 10-CV-02840-LHK |
| Plaintiff and Counter-Defendant, | ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER |
| v. | |
| CEPHEID, | |
| Defendant and Counter-Claimant. | |

Currently before the Court is Defendant Cepheid's motion for partial summary judgment on the expiration date of U.S. Patent No. 5,624,597 ("the '597 Patent"), ECF No. 85 ("MPSJ"), and Plaintiff Abaxis, Inc.'s motion for leave to file an amended answer, ECF No. 97 ("MLTA"). Pursuant to Civil Local Rule 7–1(b), the Court deems this motion suitable for disposition without oral argument. Accordingly, the hearing on the motion set for November 30, 2011, is hereby VACTED. After reviewing the parties' submissions and considering the relevant legal authorities, the Court hereby GRANTS Cepheid's motion for partial summary judgment and DENIES Abaxis's motion for leave to file an amended answer.

## I.   BACKGROUND

### A. Procedural Background

In its first amended complaint ("FAC"), filed on November 19, 2010, Abaxis alleges that Cepheid is in breach of a license agreement and infringing the following four patents: U.S. Patent

1

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER


1  No. 5,413,732 ("the '732 Patent"); U.S. Patent No. 5,624,597 ("the '597 Patent"); U.S. Patent No.
2  5,776,563 ("the '563 Patent"); and U.S. Patent No. 6,251,684 B1 ("the '684 Patent). ECF No. 24.
3  Cepheid denies liability.

4  On December 17, 2010, Cepheid filed an answer and amended counterclaims, which
5  asserted, among other things, a counterclaim for a declaratory judgment that the '597 Patent's term
6  does not extend beyond May 9, 2012, based on a terminal disclaimer filed with the Patent and
7  Trademark Office ("PTO"). ECF No. 32, at ¶¶ 48-54 ("Tenth Counterclaim"). On April 12, 2011,
8  Cepheid filed an amended answer and second amended counterclaims that included an identical
9  tenth counterclaim. ECF No. 50, at ¶¶ 48-54. On April 26, 2011, in its answer, Abaxis admitted
10 that the terminal disclaimer had been filed with the PTO, but denied that Cepheid was entitled to
11 relief. ECF No. 53, at ¶¶ 48-54. On June 17, 2011, Cepheid filed an amended answer and third
12 amended counterclaim, which included an identical tenth counterclaim based on the alleged
13 terminal disclaimer of the '597 Patent. ECF No. 72.

14 On August 24, 2011, Cepheid filed the instant motion for partial summary judgment of the
15 expiration date of the '597 Patent. ECF NO. 85. Abaxis filed its opposition on September 21,
16 2011. ECF No. 92 ("MSPJ Opp'n").[1] Cepheid filed its reply on October 5, 2011. ECF No. 95
17 ("MSPJ Reply").

18 On October 12, 2011, Abaxis filed the instant motion for leave to file an amended answer,
19 ECF No. 97, seeking to add equitable defenses of laches, estoppel, and acquiescence to Cepheid's
20 tenth counterclaim. ECF No. 98, Ex. 9 ¶ 69. Cepheid filed its opposition on October 26, 2011,
21 ECF No. 102, and Abaxis filed its reply on November 2, 2011, ECF No. 103.

22 ///
23 ///

---

[1] In support of its opposition, Abaxis submitted the declaration of Kenneth P. Aron, Ph.D., ECF No. 94, which included an exhibit that Abaxis seeks to submit under seal by motion, pursuant to Civil Local Rule 79-5. ECF No. 91. The exhibit includes a term sheet from 2005 licensing negotiations between Cepheid and Abaxis, containing modifications by Cepheid's General Counsel, Joseph Smith. The Court finds that this entire exhibit is confidential and contains sensitive business information. Cepheid does not object to this exhibit or the filing of this exhibit under seal. Accordingly, Abaxis's motion to file under seal is GRANTED. The Clerk shall file Exhibit 1 to the Aron Declaration under seal.

*(Left margin: United States District Court / For the Northern District of California)*

### B. Factual Background

The '597 Patent issued from Application No. 08/436,670, filed on May 8, 1995, as a continuation of Application No. 07/747,179, which issued as the '732 Patent. Decl. of Stephen C. Carlson in Supp. of Cepheid's Notice of Mot. and Mot. for Partial Summ. J. of the Expiration Date of U.S. Patent No. 5,642,597 ("Carlson Decl.") Ex. 1, at ABAX020494-96.

On April 5, 1996, in the first Office Action, the Examiner rejected claims 1-12 of the '597 Patent under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-6 of the '732 Patent. *Id.* at ABAX02507.

On August 2, 1996, Abaxis responded: "[A]t most, a provisional obviousness type rejection may be appropriate, since double patenting could not occur until the claims in the present case are patented. An obviousness type double patenting rejection can be overcome by submitting a terminal disclaimer. *See*, 37 C.F.R. § 1.321." *Id.* at ABAX020533. Abaxis also stated, "if a terminal disclaimer becomes appropriate in light of claims which are indicated to be otherwise allowable, a terminal disclaimer will be submitted to overcome the rejection." *Id.*

On October 4, 1996, the Examiner issued a Notice of Allowability allowing all claims of the '597 Patent. *Id.* at ABAX 020556. Abaxis, through its Counsel, Kevin Bastian, nevertheless filed a terminal disclaimer by fax on December 23, 1996. *Id.* at ABAX020631-48. Abaxis identified itself as "the owner of 100 percent interest in the instant application," and disclaimed "the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173, as presently shortened by any terminal disclaimer, of prior Patent No. 5,413,732." *Id.* at ABAX020634. The disclaimer bears the signature of Valdimir Ostoich, Vice-President of Abaxis and one of the named inventors of the '597 patent. *Id.* at ABAX020635. The disclaimer was accompanied by authorization of payment of the required $55.00 terminal disclaimer filing fee pursuant to 37 C.F.R. § 1.20(d); a Certificate Under 37 C.F.R. 3.73(b) certifying the recorded assignment of the '670 application to Abaxis; and copies of assignment documents and their respective Notices of Recordation showing assignment of the original '179 application and any

3

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

applications claiming priority from the '179 application to Abaxis. *Id.* at ABAX020632-33, ABAX020636-48.

On December 27, 1996, four days later, Abaxis re-faxed the same terminal disclaimer to the PTO. *Id.* at ABA020649-66. A stamp on Abaxis's terminal disclaimer transmittal shows that the statutory disclaimer fee of $ 55.00 was charged by the PTO on January 6, 1997. *Id.* at ABAX020649. Both of Abaxis's terminal disclaimer faxes include the instruction: "Please deliver this fax to Examiner J. Wilson as soon as possible." *Id.* at ABAX 020631, 66. Both terminal disclaimer transmittals refer to "Application No.: 08/436,670" in the caption. *Id.* at ABAX020634, ABAX0206350.

The '597 Patent issued on April 29, 1997, but the terminal disclaimer notice was not printed on the face of the '597 Patent. *See id.* at ABAX020673. The terminal disclaimer is included in the certified file history for the '597 Patent. Carlson Decl. Ex. 1.

## II. Summary Judgment on Expiration Date of '597 Patent

### A. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b), (c). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *See id.* "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id.* "[A]ll justifiable inferences must be drawn in [the nonmovant's] favor." *See United Steelworkers of Am.*

4

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

*v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing *Liberty Lobby*, 477 U.S. at 255).

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . . must set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *see also Liberty Lobby*, 477 U.S. at 250. The opposing party need not show the issue will be resolved conclusively in its favor. *See Liberty Lobby*, 477 U.S. at 248–49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. *See id.*

The expiration date of a patent is a matter of law to be decided by the Court. *Abbott Labs. v. Novopharm Ltd.*, 104 F.3d 1305, 1307-08 (Fed. Cir. 1997).

**B. Analysis**

Under Section 253 of the Patent Act, a patentee "may, on payment of the fee required by law . . . disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted or to be granted." "Such disclaimer shall be in writing, and recorded in the Patent and Trademark Office; and it shall thereafter be considered as part of the original patent . . . ." 35 U.S.C. § 253. To be recorded in the Patent and Trademark Office, a terminal disclaimer must:

> (1) Be signed:
>     (i) By the applicant . . . .
> (2) Specify the portion of the term of the patent being disclaimed;
> (3) State the present extent of applicant's or assignee's ownership interest in
>     the patent to be granted; and
> (4) Be accompanied by the fee set forth in § 1.20(d).

37 C.F.R. § 1.321(b) (2011).

A patent applicant may file a "terminal disclaimer" to "obviate and thereby cure an obviousness-type double patenting rejection by disclaiming any rights in the second application

1  after the expiration date of the original patent." *Affymetrix, Inc. v. PE Corp.*, No. 01 Civ.
2  0634(NRB), 2002 WL 31875401, at *2 n.4 (S.D.N.Y. Dec. 24, 2002) (citing 35 U.S.C. § 253; *In re*
3  *Goodman*, 11 F.3d 1046, 1052 (Fed. Cir. 1993)). When filed to overcome an obviousness-type
4  double patenting rejection, a disclaimer must additionally "[i]nclude a provision that any patent
5  granted on that application . . . shall be enforceable only for and during such period that said patent
6  is commonly owned with the application or patent which formed the basis for the judicially created
7  double patenting." 37 C.F.R. § 1.321(c)(3). A patentee may disclaim a portion of its patent's term
8  at any time after allowance, including during litigation. *Pericone v. Medicis Pharm. Corp.*, 432
9  F.3d 1368, 1375 (Fed. Cir. 2005) (terminal disclaimer valid when filed after issuance); *Aventis*
10 *Pharma S.A. v. Hospira, Inc.*, 743 F. Supp. 2d 305, 349-350 (D. Del. 2010) (terminal disclaimer
11 valid when filed during litigation).

12  It is undisputed that Abaxis complied (twice) with the requirements of the statute and the implementing regulations to have the terminal disclaimer recorded in the PTO, including the additional requirements for terminal disclaimers filed to overcome an obviousness-type double patenting rejection. Despite explicitly complying with the requirement to overcome an obviousness-type double patenting rejection, Abaxis still argues that the disclaimer was not necessary to overcome the obviousness-type double patenting rejection, Opp'n 3. Even if Abaxis was correct, this fact does not undermine the effectiveness of the disclaimer, which complied with the statutory and regulatory requirements for terminal disclaimers. *See Pericone*, 432 F.3d at 1376 (Fed. Cir. 2005) (terminal disclaimer valid even if filed after issuance).

21  The Court agrees with Cepheid and finds that this case is materially indistinguishable from *Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379 (Fed. Cir. 1998), which entitles Cepheid to judgment as a matter of law under the undisputed facts of this case.

24  In *Vectra Fitness*, a patentee filed a disclaimer of several claims, but the PTO mishandled the disclaimer by failing to add the disclaimer to the cover page or the contents page of the file wrapper and failing to publish the disclaimer in the Official Gazette, as contemplated by the PTO regulations. *Id.* at 1381. The Federal Circuit held that the mishandling of the disclaimer by the

6

PTO did not prevent the disclaimer from being "recorded" pursuant to 35 U.S.C. § 253, and therefore the disclaimer was effective. *Id.* at 1382. The Federal Circuit held that a disclaimer is recorded on the date that it is received by the PTO in proper form and with the appropriate filing fee, regardless of its handing by the PTO. *Id.*

Although the disclaimer in *Vectra Fitness* was a claims disclaimer, and the disclaimer here is a terminal disclaimer, terminal disclaimers are governed by the same statute as claim disclaimers, 35 U.S.C. § 253, and this factual difference is therefore immaterial. *See Affymetrix, Inc. v. PE Corp.*, No. 01 Civ. 0634(NRB), 2002 WL 31875401, at *7 (S.D.N.Y. Dec. 24, 2002) (applying *Vectra Fitness*, for the proposition that PTO's failure to publish notification of an otherwise properly filed disclaimer could not prevent the disclaimer from becoming effective, to a terminal disclaimer).

Despite Abaxis's assertions, nothing in the *Vectra Fitness* holding suggests that the intent of the party filing a disclaimer affects the validity of the disclaimer. Yet, even if intent were a factor for this Court to consider, no facts in this record support Abaxis's speculative claim that its disclaimer may have been filed in error or unintentionally. To the contrary, it is undisputed that the disclaimer was transmitted twice; clearly referenced the application for the '597 Patent; was signed by the Vice President of Abaxis; authorized payment; and included an instruction that the disclaimer be delivered to the Examiner "as soon as possible." There is no doubt that Abaxis intended to file the disclaimer, and there is no evidence of error. Thus, the Court need not adopt, as Abaxis suggests, "an inflexible, bright-line rule" that "automatically results in the enforcement of [a] terminal disclaimer against [a] patentee, regardless of any facts that would caution otherwise, including, . . . error in the filing of the terminal disclaimer," Opp'n 1, to find that the terminal disclaimer is effective here.

Under *Vectra Fitness*, the disclaimer became effective on January 6, 1997, when the PTO processed the payment fee after it had received the properly filed disclaimer on December 23 and 27, 1996. It is immaterial whether, as Abaxis argues, Opp'n 3, the PTO mishandled the disclaimer by failing to include it in the transaction history. *Vectra Fitness*, 162 F.3d at 1382 ("[N]othing in

7

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

the statutes or regulations requires any action by the PTO for a disclaimer to be 'recorded.'"). Under the disclaimer, the statutory term of the '597 Patent expires no later than May 9, 2012, when the '732 Patent expires, as long as the '732 Patent does not "expire[] for failure to pay a maintenance fee" or "is held unenforceable, . . . found invalid by a court of competent jurisdiction, is statutorily disclaimed under 37 C.F.R. 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer." Carlson Decl. Ex. A, at ABAX020634-35. There is no evidence in the record that any of these conditions have been met, and thus there is an absence of any material factual dispute as to the expiration date of the '597 Patent.

The Court is not persuaded by Abaxis's argument that Cepheid never disclosed the grounds for its motion, Opp'n 4, or that the motion is somehow not ripe, *id.* at 13-14. Abaxis does not dispute that Cepheid put Abaxis on notice of the terminal disclaimer on December 13, 2010, when it served its interrogatories and asked Abaxis to state all factual and legal bases in support for the contention that the expiration of the '597 Patent is not governed by the terminal disclaimer. Carlson Decl. Ex. 2. As Abaxis concedes, Cepheid, in is its June 23, 2011 responses to Abaxis's interrogatories, again clearly pointed Abaxis to the terminal disclaimer as support for Cepheid's position that the '597 Patent expired prior to April 29, 2014. Carlson Decl. Ex. 6, at 6. Abaxis cannot be heard to complain that it was prejudiced in discovery needed to address Cepheid's motion when information surrounding the filing of the disclaimer that Abaxis itself filed twice was in Abaxis's possession and control. Moreover, Cepheid has not relied on any other documents besides Abaxis's file history and the parties' discovery requests and correspondence. Therefore, Cepheid gave Abaxis proper notice for the basis of its motion, and the motion is ripe for adjudication.

Abaxis raises the equitable defenses of laches and acquiescence for the first time in its opposition and argues that these defenses preclude the grant of summary judgment.

The Court agrees with Cepheid that Abaxis has not pointed to any authorities applying these equitable defenses to preclude a Court from deciding the legal issue of a patent's expiration

8

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

date, an issue Cepheid raises in defense to an infringement claim. Indeed, the case on which Abaxis primary relies, *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992), made clear that its holding recognized the availability of laches as a defense to infringement suits brought by the *patentee*. *Id.* at 1032 ("laches is available as a defense to suit for patent infringement"); *id.* at 1037 ("a *prima facie* defense of laches is made out upon proof by the accused infringer that the *patentee* delayed filing suit for six years after actual or constructive knowledge of the defendant's act of alleged infringement.") (emphasis added). The other cases Abaxis cites are also inapposite. *Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570, 1573-74 (Fed. Cir. 1994) (although laches can apply as a defense to correction of inventorship claim by a purported inventor, a separate diligence requirement only applies to correction of inventorship claim while application is pending); *Advanced Cardiovascular Systems, Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993) (laches defense applies to correction of inventorship claim asserted by inventor against patentee); *Sedaravic v. Advanced Med. Optics, Inc.*, 52 F.3d 1352, 1358 (Fed. Cir. 2008) (same); *Goldwasser v. Smith Corona Corp.*, 817 F. Supp. 263, 273-74 (D. Conn. 1993) (laches defense can apply to claim for assignment of a patent).

Moreover, even if the defenses of laches and acquiescence applied to defensive counterclaims, it is clear they would not apply to Abaxis in this case. Abaxis has not produced evidence to raise a colorable laches defense, which requires the following elements: (1) unreasonable and unexcused delay in bringing a claim, and (2) material prejudice to the defendant as a result of the delay. *Advanced Cardiovascular*, 988 F.2d at 1161. Abaxis has not produced evidence that Cepheid unreasonably delayed in asserting its claim that the '597 expired no later than May 9, 2012, or that Abaxis would be materially prejudiced by this delay. Abaxis argues that Cepheid became aware of the '597 expiration date in December 2004 and thus unreasonably delayed by waiting until 2010 to seek the enforcement of the terminal disclaimer. However, Cepheid's ability to raise this claim did not accrue until Abaxis filed suit on June 28, 2010, because, in the absence of a case or controversy, a court would not have had jurisdiction to hear this claim in a declaratory judgment suit. Abaxis argues that, "[h]ad it known of Cepheid's

9

challenge to the expiration of the '597 patent, it would have focused on a more aggressive licensing strategy . . . ." Opp'n 10. This argument lacks merit because Abaxis was aware of a terminal disclaimer in the file history of its own patent when negotiating license agreements.

Nor does Abaxis raise a material factual dispute as to all of the elements of acquiescence: (1) knowledge of the facts giving rise to the claim; (2) implicit or explicit assurances to the party-opponent; and (3) reliance. *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No 2:07-CV-468, 2009 WL 4670435, at *4 (E.D. Tex. Sept. 4, 2009). Abaxis argues that in the 2005 licensing negotiations Cepheid made implicit assurances to Abaxis that it would not seek to enforce the terminal disclaimer. Abaxis states that Cepheid "never indicated its belief that any of the patents-in-suit would expire prior to the expiration indicated on the face of the patents" and never questioned the "expiration dates of the patents in suit." Decl. of Kenneth P. Aron, Ph.D. in Supp. of MPSJ ¶ 4. Even if this allegation were sufficient to raise a material factual dispute as to the implicit assurance element, the Court finds that it would not have been reasonable for Abaxis to rely on this assurance given that Abaxis itself filed the terminal disclaimer twice, and the terminal disclaimer was indisputably part of the certified file history of the '597 Patent. Thus, neither the doctrine of laches nor acquiescence precludes the grant of summary judgment here.

Accordingly, for the reasons stated above, the Court GRANTS Cepheid's motion for partial summary judgment and holds that the '597 Patent expires no later than May 9, 2012.

### III. Leave to Amend

Abaxis moves the Court to modify the scheduling order to enlarge the time to amend pleadings and permit Abaxis to amend its Answer to Cepheid's Counterclaims to add the equitable defenses of laches, equitable estoppel, and acquiescence. For the reasons discussed below, the Court DENIES Abaxis's motion.

#### A. Legal Standard

Rule 15(a)(2) states that leave to amend the pleadings should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, the Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of

10

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

amendment, and whether the plaintiff has previously amended the [pleading]." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In cases where, as here, a party moves to amend an answer after the Court's deadline for amending the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's consent to modify the deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations and quotations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992)).

### B. Analysis

Abaxis contends that it has shown good cause to amend the Court's scheduling order, because it diligently investigated the facts and circumstances surrounding Cepheid's claim regarding the terminal disclaimer after receiving Cepheid's motion for partial summary judgment on August 24, 2011. *See* MLTA 4. The Court disagrees.

First of all, Abaxis should have been aware of the terminal disclaimer when Abaxis's Vice-President signed it and Abaxis's attorneys filed it twice in 1996, nearly fifteen years ago. Moreover, Abaxis was on notice of Cepheid's potential claim regarding Abaxis's terminal disclaimer on December 13, 2010, when Cepheid served its interrogatories and asked Abaxis to state all factual and legal bases in support for the contention that the expiration of the '597 Patent is not governed by the terminal disclaimer. Carlson Decl. Ex. 2. Abaxis received further notice of Cepheid's terminal disclaimer counterclaim on December 17, 2010, when Cepheid filed its answer to Abaxis's amended complaint and Cepheid amended its counterclaim. ECF No. 32. Abaxis should have been investigating the facts and circumstances surrounding the terminal disclaimer

since it filed its first lawsuit against Cepheid in 2005 and at the latest in December 2010, six weeks before the February 2, 2011 deadline to amend the pleadings, and eight months before Abaxis filed its answer to Cepheid's second amended counterclaims on April 26, 2011. ECF. No. 53. Instead of raising its equitable defenses then, however, Abaxis waited until filing its opposition to Cepheid's motion for partial summary judgment on September 21, 2011 to raise them. ECF No. 92. Thus, the Court finds that Abaxis failed to diligently investigate and assert its equitable defenses to Cepheid's Tenth Counterclaim.

Although the Court need not reach the factors required for leave to amend the pleadings, the Court notes that Abaxis's laches and acquiescence defenses would be futile for the reasons stated in Section II of this Order. The equitable estoppel defense, which Abaxis raises for the first time in its MLTA, is futile for similar reasons. Moreover, Abaxis has not rebutted Cepheid's arguments that Abaxis's equitable estoppel defense would be futile. Furthermore, Abaxis has not cited any cases, and this Court has found none, in which equitable estoppel bars a defensive claim by an alleged infringer. *Cf. Aukerman*, 960 F.2d at 1042 (for equitable estoppel to apply, "[t]he *patentee*'s conduct must have supported an inference that the *patentee* did not intend to press an infringement claim against the alleged infringer") (emphasis added).

Accordingly, Abaxis's MLTA is DENIED.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Cepheid's motion for partial summary judgment and DENIES Abaxis's motion for leave to file an amended answer to Cepheid's counterclaims. The Court also GRANTS Abaxis's administrative motion to file under seal.

**IT IS SO ORDERED.**

Dated: November 30, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 10-CV-02840-LHK
ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER