COOLEY LLP
RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
BRYAN J. BOYLE (No. 253725) (bryan.boyle@cooley.com)
LAM K. NGUYEN (No. 265285) (lnguyen@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

Attorneys for Plaintiff-Counterdefendant
ABAXIS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ABAXIS, INC.,<br><br>   Plaintiff-Counterdefendant,<br><br>  v.<br><br>CEPHEID,<br><br>   Defendant-Counterclaimant. | Case No.  C 10-2840 LHK<br><br>**STIPULATED AMENDED PROTECTIVE ORDER**<br><br>**MODIFIED BY THE COURT** |
|---|---|

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Amended Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including information that a Designating Party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

2.4 "Highly Confidential—Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" information or items the disclosure of which would create a substantial risk of serious injury that could not be avoided by less restrictive means. Such information may fall into one or more of the following categories: business plans, business development, product development, product designs, engineering information, product specifications, software, trade secrets, market analysis, competitor analysis, customer information, vendor information, internal financial/accounting information, operations information, production information, distributor agreements, license agreements, development agreements, sales agreements, pricing information, cost information, and business relationships with third parties.

2.4.a "Highly Confidential—Outside Counsel's Eyes Only" Information or Items: particularly sensitive technical information that a Designating Party believes in good faith cannot be disclosed without threat of injury because such Information or Items contain trade secret or other proprietary or commercially sensitive information. This designation is intended to

be used on a per-document basis, and not across broad categories of documents that include documents that do not meet this standard.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential—Outside Counsel's Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential,""Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential—Outside Counsel's Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party or of a corporate parent owning 100% of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. **For a period of six months after the final disposition of this action, this court will retain jurisdiction to enforce the terms of this order.**

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL'S EYES ONLY").

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL'S EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL'S EYES ONLY".)

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Alternatively, the Party or non-party offering or sponsoring testimony, may designate portions of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" within 10 days from the receipt of the official transcript by the Party or non-party and provide its designation in writing to all other Parties. Until the expiration of the 10 day period, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Subsequently, only those portions of the testimony designated for protection within the 10 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY." does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY." after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. **If the parties cannot resolve a challenge without court intervention, they shall comply with the undersigned's Standing Order re Civil Discovery Disputes. Any Discovery Dispute Joint Report (DDJR) shall (1) attest that the meet-and-confer requirements imposed in the preceding paragraph have been satisfied; (2) identify the challenged material and the basis for the challenge; and (3) set** ~~A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that~~

**forth**

1  ~~the movant has complied with the meet and confer requirements imposed in the preceding~~

2  ~~paragraph and that sets forth~~ with specificity the justification for the confidentiality designation

3  that was given by the Designating Party in the meet and confer dialogue.

4      The burden of persuasion in any such challenge proceeding shall be on the

5  Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the

6  material in question the level of protection to which it is entitled under the Producing Party's

7  designation.

8     7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

10 disclosed or produced by another Party or by a non-party in connection with this case only for

11 prosecuting, defending, or attempting to settle this litigation, and for no other purpose.

12     Protected Material may be disclosed only to the categories of persons and under

13 the conditions described in this Order. When the litigation has been terminated, a Receiving

14 Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

15     Protected Material must be stored and maintained by a Receiving Party at a

16 location and in a secure manner that ensures that access is limited to the persons authorized under

17 this order.

18     7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

19 ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

20 disclose any information or item designated "CONFIDENTIAL" only to:

21       (a) the Receiving Party's Outside Counsel of record in this action, as

22 well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the

23 information for this litigation;

24       (b) the officers, directors, and employees (including House Counsel) of

25 the Receiving Party to whom disclosure is reasonably necessary for the Receiving Party's

26 preparation and pursuit of claims and defenses in this litigation and who have signed the

27 "Agreement To Be Bound by Protective Order" (Exhibit A);

28

        (c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)    the author or indicated recipient of the information or item, or an employee of the disclosing party or non-party.

        7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the Receiving Party's House Counsel, who will use the information solely for assisting outside counsel in prosecuting, defending, or attempting to settle this litigation, who will not reveal, share or discuss information or its contents with anyone involved in competitive decision making and who will sign the "Agreement To Be Bound by Protective Order" that is attached hereto as Exhibit A prior to obtaining information access,

        (c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement

To Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

    (d)    the court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

    (f)    the author or indicated recipient of the document, or an employee of the disclosing party or non-party.

    7.3.a    Disclosure of Information or Items designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" only to:

    (a)    The Receiving Party's Outside Counsel;

    (b)    The Receiving Party's Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, or staff;

    (c)    Outside experts or consultants retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (1) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (2) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticpated at the time of the retention to become an officer, director or employee of a Party or of a competitor of a Party; (3) such expert or consultant is not involved in competitive decision-making on behalf of a Party or a competitor of a Party; and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 7.4 below.

    (d)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

    (e)    The Court, jury, witnesses, deponents, and court personnel;

   (f) Information or Items designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" may not be shown to mock jurors, but the Receiving Party may explain to mock jurors at a high level how the Designating Party's technology works provided that the mock juror has signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.

   (g) Any other person with the prior written consent of the Producing Party.

  7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts.</u>

   (a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current curriculum vitae, (3) identifies the Expert's current and prior employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding three years[1], and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

   (b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within six court days of delivering the request, the Party receives a written objection from

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  the Designating Party.  Any such objection must set forth in detail the grounds on which it is

2  based.

3          (c) A Party that receives a timely written objection must meet and

4  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

5  matter by agreement.  If no agreement is reached, **the parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.** ~~the Party seeking to make the disclosure to the~~

6  ~~Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local~~

7  ~~Rule 79-5, if applicable) seeking permission from the Court to do so.~~  Any **DDJR** ~~such motion~~ must

8  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

9  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

10  suggest any additional means that might be used to reduce that risk.  In addition, any **DDJR** ~~such motion~~

11  **shall describe** ~~must be accompanied by a competent declaration in which the movant describes~~ the parties'

12  efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer

13  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

14  approve the disclosure.

15          In any such proceeding, the Party opposing disclosure to the Expert shall bear the

16  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

17  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

18          7.5 <u>Prosecution Bar.</u>  For up to one year after final termination of this

19  litigation, and absent written consent from the Producing Party, no person who viewed technical

20  materials (i.e. materials addressing technical aspects of compositions or methods for producing

21  dissolvable lyophilized reagent beads[2]) designated under this protective order will engage in

22  prosecution of Abaxis or Cepheid patents with claims directed to methods for producing

23  dissolvable lyophilized reagent beads.

24          7.6 <u>Decision-Making Bar.</u> Absent written consent from the Producing Party,

25  any person with access to documents dated 1995 and later shall not participate in decisions

---

[2] As construed by the Court in its order dated July 22, 2011.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

relating to the production, design, or licensing of dissolvable lyophilized reagent beads,[3] for up to one year after final termination of this litigation.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL." "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "<u>HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY,</u>" the Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

---

[3] As construed by the Court in its order dated July 22, 2011.

1  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected
2  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the
3  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and
4  Agreement To Be Bound" that is attached hereto as Exhibit A.

5      10. <u>FILING PROTECTED MATERIAL</u>

6      Without written permission from the Designating Party or a court order secured
7  after appropriate notice to all interested persons, a Party may not file in the public record in this
8  action any Protected Material. A Party that seeks to file under seal any Protected Material must
9  comply with Civil Local Rule 79-5.

10     11. <u>INFORMATION PROTECTED BY PRIVILEGE, WORK PRODUCT, OR
11 OTHER DOCTRINE</u>

12     The inadvertent production of any document or other disclosure of Protected
13 Material which the Designating Party contends is subject to the attorney-client privilege, work-
14 product protection, or any other privilege or protection against discovery shall not necessarily be
15 deemed a waiver in whole or in part of the claim of privilege or protection, either as to the
16 specific document or the information disclosed or as to any other document or information
17 relating thereto. Within a reasonable time after the discovery of the inadvertent production, the
18 Designating Party shall give notice to the Receiving Party that privileged documents or
19 information have been inadvertently produced or disclosed and request the return of such
20 documents. Any document or portion of transcript, including all copies thereof, constituting or
21 containing information as to which notice of inadvertent production is given shall be returned to
22 the Designating Party within fifteen (15) days of such demand, unless the Receiving Party objects
23 to the claim of privilege. If the Receiving Party objects to the claim of privilege, the claim of
24 inadvertent production and/or the reasonableness of the notice given, the receiving party and the
25 Designating Party shall attempt to resolve the dispute. If the dispute is not resolved, the
26 Receiving Party may move the Court to compel the re-production of the document(s) at issue.
27 From the time of the Designating Party's notification of inadvertent production, any documents or
28 information as to which notice is given shall not be disclosed to anyone other than Outside

Counsel and shall not be used for any purpose other than the motion to compel re-production, until the Court enters an order ruling otherwise, or until the Receiving Party and the Designating Party otherwise agree.

12. LIMITS ON DISCOVERY OF EXPERT MATERIAL

Only expert reports exchanged between the parties and the information relied on by the experts to form the opinions in the exchanged reports are discoverable. Attorney communications to and from an expert, draft reports, and notes of experts, and other documents relating to communications to or from attorneys do not need to be logged in a privilege log and are not discoverable unless the expert has relied on such communication or document to form an opinion stated in the expert's exchanged report. Further, the substance of attorney communications with an expert in preparation for the expert's deposition or trial testimony are not discoverable unless the expert has relied on the attorney communications to form an opinion stated in the deposition or trial testimony.

13. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by general category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy, in addition to the originals, of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain

or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

14. <u>MISCELLANEOUS</u>

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that Party may deem appropriate.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 21, 2011     */s/ Ricardo Rodriguez*

RICARDO RODRIGUEZ (CSB NO. 173003)
rr@cooley.com
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2135
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff-Counterdefendant
ABAXIS, INC.

DATED: December 21, 2011     */s/ Steven C. Carlson*

STEVEN C. CARLSON (CSB NO.   )
steven.carlson@fr.com
FISH & RICHARDSON
500 Arguello Street
Suite 500
Redwood City, CA 94063
Telephone: (650) 839-8070
Facsimile: (650) 839-5071

Attorneys for Defendant-Counterclaimant
CEPHEID

ATTORNEYS AT LAW
SAN FRANCISCO

16.

**AS MODIFIED BY THE COURT,**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

      February 13, 2012   ^

DATED: ~~December 21, 2011~~

                                                        Judge Howard R. Lloyd
                                                        United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Abaxis, Inc. v. Cepheid*, Case No. 5:10-cv-02840-EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                  [signature]

**FILER'S ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Lam K. Nguyen, attest that concurrence in the filing of this Discovery Dispute Joint Report #1 has been obtained from each of the other signatories.  Executed on December 21, 2011, at Palo Alto, California.

*/s/ Lam K. Nguyen*
Lam K. Nguyen