*E-FILED: April 9, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABAXIS, INC.,<br><br>        Plaintiff,<br>  v.<br><br>CEPHEID,<br><br>        Defendant.<br>_____/ | No. C10-02840 LHK (HRL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE AMENDED INFRINGEMENT CONTENTIONS**<br><br>[Re: Docket No. 154] |

      Plaintiff Abaxis, Inc. (Abaxis) sues defendant Cepheid for alleged infringement of several patents, as well as for alleged breach of a license agreement. Although Cepheid previously was licensed under Abaxis' patents, Abaxis terminated that license in or around October 2010, several months after the instant lawsuit was filed. This court is told that fact discovery closed on February 16, 2012 and that the parties are in the midst of expert disclosures and expert discovery. Abaxis now moves for leave to amend its infringement contentions to add willful infringement assertions. Cepheid opposes the motion. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the motion is denied.

      A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Good cause" requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new

1  evidence is revealed in discovery." O2 Micro Int'l Limited v. Monolithic Power Sys., Inc., 467
2  F.3d 1355, 1363 (Fed. Cir. 2006)). "The rules thus seek to balance the right to develop new
3  information in discovery with the need for certainty as to the legal theories." Id. at 1366. "The
4  burden is on the movant to establish diligence rather than on the opposing party to establish a
5  lack of diligence." Id. Good cause may be supported by, among other things, the recent
6  discovery of nonpublic information that was not discovered, despite diligent efforts, before
7  service of the infringement contentions. Patent L.R. 3-6(c). Only if the party seeking
8  amendment shows diligence will the court consider prejudice to the non-moving party. See O2
9  Micro Int'l Ltd., 467 F.3d at 1366-68 (concluding that where the moving party did not
10 demonstrate diligence, there was "no need to consider the question of prejudice."); see also
11 CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal., 2009) ("This inquiry first
12 considers whether plaintiff was diligent in amending its contentions and then considers
13 prejudice to the non-moving party."); Acer, Inc. v. Technology Properties Ltd., No. 08-cv-
14 00877 JF, 2010 WL 3618687 at *3 (N.D. Cal., Sept. 10, 2010) (the moving party "must
15 demonstrate good cause, an inquiry that considers first whether the moving party was diligent in
16 amending its contentions and then whether the non-moving party would suffer prejudice if the
17 motion to amend were granted . . . If that party was not diligent, the inquiry should end.").

18      In essence, Abaxis argues that it could not have sought leave to amend sooner because it
19 only recently obtained discovery pertaining to several theories by which it believes it may
20 establish willful infringement. Here, plaintiff points out that, although it served document
21 requests in December 2010, Cepheid did not produce the bulk of discovery pertaining to willful
22 infringement issues until very late in the case—including last fall and earlier this year. Given
23 defendant's belated document production, Abaxis says that it was justified in waiting to depose
24 Cepheid's witnesses until late in the fact discovery period and in seeking leave to amend its
25 infringement contentions after fact discovery closed. Cepheid does not deny the timing of its
26 document production. Instead, defendant argues that Abaxis has had information pertaining to
27 alleged willful infringement issues since before the lawsuit was filed, but failed to do anything
28 about it until after the fact discovery cutoff.

2

This court certainly does not commend defendant for its tardy document production. If Cepheid has a good explanation, it has not provided one. At the same time, however, the record indicates that Abaxis had reason to know of its various theories of willful infringement at least as early as mid-October 2011 (if not earlier). Abaxis' original and amended complaints allege willful infringement. By Abaxis' own account, it had some information early on and began receiving additional key documents in September 2011 and October 2011. This brings us to October 14, 2011 when Abaxis apparently felt it had sufficient evidence to prepare proposed amended infringement contentions that included assertions of willful infringement, which it sent to Cepheid. (Rodriguez Decl., Ex. 33). Cepheid, who reportedly had prepared its own proposed amended invalidity contentions, refused to stipulate to Abaxis' proposed amendments. This court does not understand why plaintiff did not move quickly to seek amendment at that point, notwithstanding that Abaxis says it obtained even more information afterward. Plaintiff says only that the parties were unable to agree upon their respective proposed amended contentions last fall and neither side sought leave to amend at that time. (Mot. at 12). Abaxis points out that it subsequently agreed in January 2012 to Cepheid's proposed amended invalidity contentions, but Cepheid refused Abaxis' renewed request in mid-February 2012 to stipulate to plaintiff's proposed amended infringement contentions. It is not clear how Cepheid succeeded in inveigling plaintiff to subsequently agree to its amended invalidity contentions. Nevertheless, there is no indication or assertion that Cepheid misled Abaxis into believing that defendant would agree to plaintiff's proposed amendments. Under the circumstances presented, this court finds that plaintiff could have and should have sought amendment sooner than it did. Accordingly, plaintiff's motion is denied.

SO ORDERED.

Dated: April 9, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:10-cv-02840-LHK Notice has been electronically mailed to:

Bryan John Boyle    bryan.boyle@cooley.com, mweiand@cooley.com

Carolyn Chang    cchang@fenwick.com, vschmitt@fenwick.com

David James Miclean    DMiclean@MicleanLaw.com, dmiclean@micleangleason.com, gvieyra@micleangleason.com

Jonathan Elliot Singer    singer@fr.com, skarboe@fr.com

Lam Khanh Nguyen    lnguyen@cooley.com, tberryhill@cooley.com

Limin Zheng    zheng@fr.com, horsley@fr.com

Lynn Harold Pasahow    lpasahow@fenwick.com, tchow@fenwick.com

Rebecca Charnas Grant    rgrant@fr.com, varelas@fr.com

Ricardo Rodriguez    rodriguezr@cooley.com, douglasjar@cooley.com, elliottds@cooley.com, tanisawakm@cooley.com

Ryan Aftel Tyz    rtyz@fenwick.com, icampos@fenwick.com

Steven C. Carlson    scarlson@fr.com, lopacinski@fr.com, philip.wu@fr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4