UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABAXIS, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>CEPHEID,<br><br>      Defendant. | Case No.: 10-CV-2840-LHK<br><br>ORDER GRANTING AND DENYING ADMINISTRATIVE MOTIONS TO SEAL |

Before the Court are administrative motions to seal related to Cepheid's motion for summary judgment, Abaxis's *Daubert* motion, Abaxis's motion for relief from Magistrate Judge Lloyd's non-dispositive pretrial order, and the parties' July 27, 2012 joint case management statement ("Sealing Motions"). *See* Dkt. Nos. 127, 163, 168, 169, 176, 180, 182, 184.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id*. at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id*. (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th

1

Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co*., 900 F.2d 168, 170 (9th Cir. 1990)).

The Ninth Circuit has explained that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). The Ninth Circuit has carved out an exception to the strong presumption of openness for pre-trial, non-dispositive motions. The Ninth Circuit applies a "good cause" showing to keep sealed records attached to non-dispositive motions. *Id.* at 1180. Thus the Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages of litigation. *Id*.

As Judge Alsup explained in *Oracle America v. Google, Inc*., 10-CV-03561-WHA, at ECF No. 540, "The United States district court is a public institution, and the workings of litigation must be open to public view. Pretrial submissions are a part of trial." Accordingly, Judge Alsup advised counsel that "unless they identify a limited amount of exceptionally sensitive information that truly deserves protection, the motions will be denied outright." *Id*.

**I. Sealing Motions related to Cepheid's motion for summary judgment**

Abaxis seeks to seal a broad swath of material related to Cepheid's motion for summary judgment. This material includes seventeen full exhibits submitted by Cepheid in support of its motion for summary judgment (*see* Dkt. No. 174), ten full exhibits submitted by Abaxis in its opposition to Cepheid's motion (*see* Dkt. No. 180), and one full exhibit submitted by Cepheid in

2

Case No.: 10-CV-2840-LHK
ORDER GRANTING AND DENYING ADMINISTRATIVE MOTIONS TO SEAL

support of its reply to Abaxis's opposition (*see* Dkt. No. 187), as well as portions of the briefing that quote from, refer to, or otherwise rely on these exhibits. *See* Dkt. Nos. 174, 180, and 187.

In light of the Ninth Circuit's admonition in *Kamakana* regarding the presumption of openness and the high burden placed on sealing documents at this late, merits stage of the litigation, it appears that Abaxis has overdesignated confidential documents and is seeking to seal information that is not truly sealable under the "compelling reasons" standard. Particularly glaring sealing excesses include deposition testimony that an event "was in the public," and deposition testimony as to the formula for calculating the volume of a sphere. *See* Dkt. 174, Ex. A at 4; *id.*, Ex. A at 20 n.10. Furthermore, Abaxis has provided only general assertions that the entirety of the designated material contains confidential business information of Abaxis or third parties. *See* Dkt. Nos. 174, 180, and 187. Accordingly, the sealing motions related to Cepheid's motion for summary judgment, Dkt. Nos. 169, 180, and 184, are DENIED without prejudice.

**II. Sealing Motions related to Abaxis's *Daubert* motion**

Both parties seek to seal material related to Abaxis's *Daubert* motion to exclude testimony of Cepheid's expert Dr. Williams. *See* Dkt. Nos. 169, 180, 184. These *Daubert* Sealing Motions have a more limited scope than the Sealing Motions related to Cepheid's motion for summary judgment, and the Court addresses the *Daubert* Sealing Motions in greater detail in an attempt to provide the parties with further guidance.

**A. Motion to seal Abaxis's *Daubert* motion**

Abaxis filed an administrative motion to seal exhibits Exs. 3-6 of the Rodriguez Declaration in support of Abaxis's *Daubert* motion, and to seal portions of Abaxis's brief that quote from, cite to, or otherwise rely on these exhibits. *See* Dkt. No. 168. These exhibits were designated confidential by Cepheid. *See id.* However, Cepheid states that Ex. 3 and Ex. 6, Dr. Williams' expert reports, are confidential only to the extent that these reports refer to Abaxis's own confidential information. *See* Dkt. No. 175. Consequently, if Abaxis seeks to seal any portion of these expert reports, Abaxis must submit a narrowly tailored motion including proposed redactions. Ex. 4 contains deposition testimony, portions of which may relate to Cepheid's trade secret

3

Case No.: 10-CV-2840-LHK
ORDER GRANTING AND DENYING ADMINISTRATIVE MOTIONS TO SEAL

technology. However, the Court notes that the most relevant portion of the testimony simply states that IVEK pumps are thirty year old technology that "[e]verybody in the industry uses," which is not sealable trade secret information. Further, the Court finds that the resume of third party Mr. Chang, a current Cepheid employee, Ex. 5, is not sealable under the "compelling reasons" standard. Accordingly, the Court DENIES without prejudice the motion to seal portions of Abaxis's *Daubert* motion and related exhibits because this sealing motion has not identified "a limited amount of exceptionally sensitive information," *See Oracle America*, 10-CV-03561-WHA, at ECF No. 540; Dkt. No. 168.

### B. Motion to seal Cepheid's *Daubert* opposition

Cepheid filed an administrative motion to seal Exs. A and K of the Carlson Declaration in support of Cepheid's *Daubert* opposition, and to seal portions of Cepheid's brief that quote from, cite to, or otherwise rely on these exhibits. *See* Dkt. No. 176. Abaxis had previously designated these exhibits confidential. *See id.* However, Abaxis's declaration in support of this sealing motion de-designates Ex. A, and seeks to redact only a narrowly tailored portion of the second exhibit, Ex. K, which discusses Abaxis's technical trade secret information. *See* Dkt. No. 181. Furthermore, Abaxis does not seek to redact any portion of Cepheid's opposition brief. *See id.* Accordingly, the Court GRANTS Cepheid's administrative motion to seal Cepheid's Opposition, as limited in Abaxis's supporting declaration and proposed order. *See* Dkt. No. 181.

### C. Motion to seal Cepheid's *Daubert* reply

Abaxis filed an administrative motion to seal portions of its *Daubert* reply that relate to Ex. 3 of the Rodriguez Declaration filed in support of Abaxis's *Daubert* motion. *See* Dkt. No. 182. Abaxis seeks to seal the reply passages related to Ex. 3 on the grounds that Cepheid designated Ex. 3 confidential. *Id.* These passages include potentially confidential information relating to Abaxis's commercial agreements with third parties, and likely non-confidential information such as Dr. William's opinions as to the scope of prior art patents. *Id.* Cepheid has not filed a supporting declaration as required by Civil Local Rule 79-5(d). However, Cepheid has previously declared that Ex. 3, Dr. Williams' opening expert report, is confidential only to the extent that the report

4

Case No.: 10-CV-2840-LHK
ORDER GRANTING AND DENYING ADMINISTRATIVE MOTIONS TO SEAL

refers to confidential Abaxis information. *See* Dkt. No. 175 (Cepheid's 79-5(d) declaration in support of Abaxis's motion to seal Abaxis's *Daubert* motion). As the Court explained in ruling on Abaxis's motion to seal Abaxis's *Daubert* motion, if Abaxis seeks to seal trade secrets contained in any portion of Dr. William's expert report or the related *Daubert* briefing, Abaxis must submit a narrowly tailored motion. Accordingly, the Court DENIES without prejudice Abaxis's administrative motion to seal portions of its *Daubert* reply brief.

**III. Motion to file under seal portions of Abaxis' motion for relief from Magistrate Judge Lloyd's non-dispositive pretrial Order**

Abaxis filed an administrative motion to seal portions of its motion for relief that discuss evidence that Cepheid had designated confidential. *See* Dkt. No. 163. Cepheid's supporting declaration limited the requested sealing to only a single sentence. *See* Dkt. No. 164. The Court DENIES this motion to seal with prejudice because it appears the purportedly confidential material has since been discussed in open court. *See* Dkt. No. 201 at 84:14-22.

**IV. Motion to file under seal portions of the parties' February 27, 2012 joint case management statement**

Cepheid seeks to seal a single sentence in the parties' February 27, 2012 joint case management statement. *See* Dkt. Nos. 127 and 132. This sentence does not appear to contain any information that is not readily apparent in the surrounding paragraph. Accordingly, the Court DENIES with prejudice the administrative motion to seal the joint case management statement.

**V. Conclusion**

The Court DENIES without prejudice the Sealing Motions related to Cepheid's motion for summary judgment. *See* Dkt. Nos. 169, 180, and 184. The Court DENIES without prejudice the Sealing Motions related to Abaxis's *Daubert* motion and *Daubert* reply. *See* Dkt. No. 168 and 182. The Court GRANTS Cepheid's motion to seal portions of its *Daubert* opposition, as limited in Abaxis's supporting declaration. *See* Dkt. Nos. 176 and 181. The Court DENIES with prejudice Abaxis's motion to file under seal portions of its motion for relief. *See* Dkt. No. 163. The Court

DENIES with prejudice the administrative motion to seal portions of the February 27, 2012 joint case management statement.  *See* Dkt. No. 127.

The parties may file renewed motions to seal within one week of the date of this Order. However, the parties are ORDERED to carefully scrutinize the documents they seek to seal. At this stage of the proceedings, the presumption of openness will apply to all documents and only documents of exceptionally sensitive information that truly deserve protection will be allowed to be redacted or kept from the public. Nearly all of the documents which met the lower, "good cause" standard do not meet the higher, "compelling reasons" standard for trial.

**IT IS SO ORDERED.**

Dated: August 8, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge