UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ABAXIS, INC., | ) | Case No.: 10-CV-2840-LHK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING MOTION FOR |
| | ) | LEAVE TO FILE A MOTION FOR |
| CEPHEID, | ) | RECONSIDERATION |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 20, 2012, Cepheid filed a letter to the Court which effectively moves for leave to file a motion for reconsideration of this Court's Oral Order at the July 19, 2012 Case Management Conference, which the Court memorialized in the July 20, 2012 Case Management Order. *See* Dkt. No. 198. The Court's Order granted-in-part and denied-in-part Abaxis's motion for relief from Magistrate Judge Lloyd's April 9, 2012 Order denying Abaxis leave to amend its infringement contentions. *See* Dkt. No. 199; Dkt. No. 201 at 93:14-20. The Court DENIES Cepheid's motion for leave to file a motion for reconsideration because Cepheid fails to meet the requirements for leave to file a motion for reconsideration as set forth in Civil Local Rule 72-2. *See id.*; Dkt. No. 198.

**I. Background**

On March 1, 2012, Abaxis filed its motion for leave to amend its infringement contentions, including its willfulness contentions, before Judge Lloyd. *See* Dkt. No. 153. Abaxis's proposed amendments were based upon evidence which Cepheid had disclosed to Abaxis from September 7,

1

Case No.: 10-CV-2840-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

2011 through February 28, 2012. *See* Dkt. No. 153 at 2-13. Cepheid filed an opposition on March 8, 2012. Dkt. No. 155. Abaxis replied on March 15, 2012. Dkt. No. 157. On April 9, 2012, Judge Lloyd denied Abaxis leave to amend because Abaxis had delayed filing its motion for leave to amend since at least mid-October 2011. *See* Dkt. No. 161 at 3. On April 20, 2012, Abaxis filed a motion for relief from Judge Lloyd's Order. *See* Dkt. No. 163.

### A. The Court addressed Abaxis's motion for relief on the merits

Neither the Court nor the parties took any action on Abaxis's April 20, 2012 motion for relief between April 20, 2012, and July 12, 2012. On July 12, 2012, the parties filed a joint case management statement disputing whether the Court should address the merits of Abaxis's motion for relief. Dkt. No. 193. In the joint case management statement, Cepheid argued that Abaxis's motion for relief had already been deemed denied on May 4, 2012. *See* Dkt. No. 193 at 3. Under Civil Local Rule 72-2, "[i]f no order denying [a] motion [for relief] or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied." *Id.*; Dkt. No. 193 at 3. Abaxis filed its motion for relief on April 20, 2012. Dkt. No. 163. Accordingly, Cepheid reasoned that Abaxis's motion was "deemed denied" fourteen days later on May 4, 2012, because the Court had not addressed Abaxis's motion. *See* Dkt. No. 193 at 3. Cepheid also argued that granting Abaxis's motion for relief less than ten weeks before the start of trial on September 24, 2012, would be prejudicial to Cepheid. *See id.*

Abaxis argued that Civil Local Rule 72-2 states that when a motion has been deemed denied, "[t]he Clerk shall notify the parties." *Id.*; Dkt. No. 193 at 2. The parties were never served notice that Abaxis's motion for relief had been denied, and neither Cepheid nor Abaxis raised this issue or sought clarification from the Court until filing the July 12, 2012 supplemental joint case management statement. *See* Dkt. No. 193 at 2.

On July 19, 2012, after the Court reviewed the full briefing before Judge Lloyd (Dkt. Nos. 153, 155, 157), Judge Lloyd's Order (Dkt. No. 161), Abaxis's motion for relief (Dkt. No. 163), and the parties' joint case management statement (Dkt. No. 193), the Court held a hearing on the merits of Abaxis's motion for relief. *See* Dkt. No. 199. The Court heard oral argument from both parties for 52 minutes and issued an Oral Order granting-in-part and denying-in-part Abaxis's motion for

2

relief. *See* Dkt. No. 201 at 93:14-20.  The Court memorialized this Order in its Case Management Order filed on July 20, 2012.  Dkt. No. 199.

### B. The Court's July 19, 2012, Order

The Court affirmed Judge Lloyd's ruling that Abaxis had not diligently sought leave to amend its infringement contentions with evidence that Abaxis discovered prior to February 1, 2012.  However, the Court found clear error in Judge Lloyd's ruling that Abaxis was not diligent when on March 1, 2012, Abaxis sought to amend its infringement contentions with evidence Cepheid produced in the previous four weeks, from February 1, 2012 through February 28, 2012.  Cepheid disclosed significant evidence on or after February 1, 2012, and Cepheid's disclosures continued after the February 16, 2012, fact discovery deadline, and even after March 1, 2012, when Abaxis filed its motion for leave to amend.  *See* Dkt. No. 153 at 3-13; Dkt. No. 157.

Furthermore, Abaxis had reasonably requested a stipulation from Cepheid to amend Abaxis's infringement contentions on February 14, 2012, two weeks before petitioning Magistrate Judge Lloyd for leave to amend.  *See* Dkt. No. 201 at 75:4-16.  In the Fall of 2011, the parties had discussed the possibility of mutually granting each other leave to amend their respective infringement and invalidity contentions, but did not reach an agreement.  *See* Dkt. No. 201 at 72:19-73:19.  In January 2012, Abaxis stipulated to leave for Cepheid to amend its invalidity contentions based on discovery that Abaxis produced on November 11, 2011, December 19, 2011, and January 4, 2012.  *See* Dkt. No. 155 at 9.  Despite this history, Cepheid did not reciprocate when Abaxis on February 14, 2012, requested a stipulation as to Abaxis's infringement contentions.  *See* Dkt. No. 201 at 75:4-16.

Finally, Cepheid had recognized the relevance of the late-disclosed evidence since at least the Fall of 2011, when Cepheid began producing related documents in response to Abaxis's discovery requests.  *See* Dkt. No. 153 at 3-13; Dkt. No. 201 at 90:22-91:6.  Accordingly, the Court found it was clear error to deny Abaxis leave to amend its infringement contentions on the grounds that amendment with evidence discovered on or after February 1, 2012 was untimely on March 1, 2012.

The Court recognized that granting-in-part Abaxis's motion for relief forces Cepheid to respond to Abaxis's expanded infringement contentions, including willfulness contentions. Accordingly, at the July 19, 2012 hearing, the Court accepted the parties' stipulation that Cepheid could supplement its non-infringement expert report in response to Abaxis's amended infringement contentions. *See* Dkt. No. 201 at 105:6-24.

### C. Cepheid's motion for leave to file a motion for reconsideration

On July 20, 2012, Cepheid filed its letter to the Court. Dkt. No. 198. Cepheid's letter does not acknowledge the Court's July 19, 2012 Oral Order granting-in-part and denying-in-part Abaxis's motion for relief. Instead, Cepheid's letter requests that the Court direct the Clerk to issue notice that Abaxis's motion for relief is denied. *Id.* The Court DENIES Cepheid's request because the Court has already granted-in-part and denied-in-part Abaxis's motion for relief.

Cepheid's letter also requests that the Court allow Cepheid to file a supplemental written opposition to Abaxis's motion. Dkt. No. 198. The Court has already granted-in-part and denied-in-part Abaxis's motion. After the Court has issued an order, any supplemental briefing opposing the order functions as a motion for the Court to reconsider its previous order. Accordingly, the Court will treat Cepheid's request to file a supplemental opposition as a motion for leave to file a motion for reconsideration.

## II. Legal Standard

> To obtain leave to file a motion for reconsideration, the party seeking leave must show: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before the entry of the interlocultory order for which reconsideration is sought . . . ; (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Civil Local Rule 7-9(b).

## III. Analysis

Cepheid brings its motion for leave to file a motion for reconsideration on two grounds. First, Cepheid argues that the Court should not have considered the merits of Abaxis's motion because the Court deemed Abaxis's motion denied on May 4, 2012, under Civil Local Rule 72-2. Cepheid previously and unsuccessfully raised this argument in the parties' joint case management

4

Case No.: 10-CV-2840-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

statement, as discussed above. *See* Dkt. No. 193 at 3. Accordingly, the Court DENIES Abaxis's motion for leave to file a motion for reconsideration on this ground.

Second, Cepheid argues that it has not had an opportunity to oppose Abaxis's motion for relief.[1] In fact, Cepheid has opposed Abaxis's motion for relief twice: first, in the parties' July 12, 2012 joint case management statement, and second, the 52 minutes of oral argument on July 19, 2012. *See* Dkt. Nos. 193, 199. Moreover, this Court also reviewed Cepheid's opposition for Abaxis's motion for leave to amend its infringement contentions. *See* Dkt. No. 155. In its motion for reconsideration, Cepheid has not cited any materially different or new law or fact that Cepheid would raise before this Court in its motion for reconsideration. *See* Dkt. No. 198. Moreover, Cepheid does not show a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court prior to the Court's July 19, 2012 Oral Order. *See id.* Therefore, the Court DENIES Cepheid's motion for leave to file a motion for reconsideration.

**IV. Conclusion**

For the aforementioned reasons, the Court DENIES Cepheid's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 8, 2012

_____
LUCY H. KOH
United States District Judge

---

[1] Civil Local Rule 72-2 provides that the Court may not grant a motion for relief from a magistrate judge's non-dispositive pretrial order "without first giving the opposing party an opportunity to respond."