UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ABAXIS, INC., | ) | Case No.: 10-CV-02840-LHK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | PRETRIAL CONFERENCE ORDER |
| | ) | |
| CEPHEID, | ) | |
| | ) | |
| Defendant. | ) | |

Clerk: Martha Parker Brown
Reporter: Margo Gurule
Plaintiff's Attorneys: Ricardo Rodriguez, Adam Pivovar, Lam Nguyen, Bryan Boyle, and Javier Torres
Defendant's Attorneys: Juanita Brooks, Stephen Carlson, and Jonathan Singer

A pretrial conference was held on August 30, 2012, at 1:30 p.m.

A hearing on the parties' discovery dispute regarding Cepheid's August 2012 productions is set for Monday, September 17, 2012, at 2:00 p.m.[1] Each side was ORDERED to lodge two copies of its expert reports and contentions by August 31, 2012. By September 4, 2012, each party shall file a list of Bates ranges and dates of production for their document productions. Abaxis's 10 page opening brief is due by September 6, 2012. Cepheid's 10 page opposition is due by September 11, 2012. Abaxis's 5 page reply is due by September 13, 2012.

The Court ORDERED Abaxis to file a status report or objections to Judge Lloyd's August 20, 2012 Order on Joint Discovery Dispute #3.[2]

In the Summer of 2012, Cepheid manufactured flu test beads using the Beadulator process. By September 6, 2012, the parties shall file their stipulation that: (1) claims based upon Cepheid's Summer of 2012 Beadulator flu tests are not part of the current action; and (2) potential future actions brought by Abaxis based upon Cepheid's summer of 2012 Beadulator flu beads are not precluded by res judicata.[3]

---

[1] On September 14, 2012, the time of the September 17, 2012 hearing was advanced to 1 p.m. *See* Dkt. No. 273.
[2] On August 31, 2012, Abaxis filed its status report and declined to file objections to Judge Lloyd's Order. *See* Dkt. No. 249.
[3] On September 10, 2012, the Court GRANTED the parties' stipulation. *See* Dkt. No. 263.

For the reasons stated on the record, the Court made the following rulings:

CEPHEID'S MOTIONS IN LIMINE (ECF No. 219):

- Cepheid's Motion in Limine #1 to exclude argument regarding Cepheid's pre-suit advice of counsel is RESERVED pending the hearing set for September 17, 2012.

- Cepheid's Motion in Limine #2 to exclude evidence that language in Cepheid's patent was copied from Abaxis' patents is DENIED.

- Cepheid's Motion in Limine #3 to exclude evidence related to FDA recalls is GRANTED.

- Cepheid's Motion in Limine #4 to exclude evidence concerning FDA equivalency is GRANTED as to evidence that the Beadmaster and Beadulator were FDA equivalent, but DENIED as to evidence that Cepheid's internal documents described the Beadmaster and Beadulator as equivalent.

ABAXIS'S MOTIONS IN LIMINE (ECF No. 242):

- Abaxis's Motion in Limine #1 to exclude Cepheid's non-infringement argument relating to the 3% CV limitation is RESERVED pending the hearing set for September 17, 2012.

- Abaxis's Motion in Limine #2 was WITHDRAWN by Abaxis on August 28, 2012.  *See* ECF No. 244.

- Abaxis's Motion in Limine #3 to exclude disparagement of the Patent Office is GRANTED as to general criticism of the Patent Office procedures, but DENIED as to prior art not considered by the Patent Office and obviousness references and combinations overlooked by the Patent Office.

- Abaxis's Motion in Limine #4 for an adverse inference instruction due to late production of documents is RESERVED pending the hearing set for September 17, 2012.

- Abaxis's Motion in Limine #5 for use of the full discovery record for new and recent infringement is RESERVED pending the hearing set for September 17, 2012.[4]

ADDITIONAL ISSUES AND DISPUTES:

- The Court will not conduct a separate bench trial on Cepheid's breach of contract claim against Abaxis.  The Court ORDERED the parties to meet and confer and to submit a proposed jury instruction and verdict form question(s) addressed to Cepheid's breach of contract claim.

- Preliminary Jury Instructions:

---

[4] On September 10, 2012, the Court GRANTED the parties' stipulation excluding the alleged new and recent infringement from this action.  *See* Dkt. Nol 263.  Accordingly, the Court DENIES Abaxis's Motion in Limine #5 as moot.

- o   The Court will not issue the nine preliminary jury instructions proposed by Abaxis.
- o   The Court will not issue the preliminary jury instruction on limitations on the doctrine of equivalents proposed by Cepheid.
- o   The Court will read all the preliminary jury instructions at the start of trial.
- o   The parties shall file preliminary instructions consistent with this Order and email a soft copy to lhkcrd@cand.uscourts.gov.

- Final Jury Instructions:
    - o   The Court will not issue the final jury instruction on double patenting proposed by Cepheid.
    - o   The Court will not issue the final jury instruction on limitations on the doctrine of equivalents proposed by Cepheid.
    - o   The Court will propose instructions on willful infringement and on statutory bars.
    - o   The parties shall meet and confer regarding an amended final jury instruction 28 on breach of contract that incorporates Cepheid's breach of contract claim against Abaxis.
    - o   The parties shall email soft copies of the jury instructions filed at ECF No. 234 to lhkcrd@cand.uscourts.gov.  The parties shall file an amended final jury instruction on breach of contract and email a soft copy to lhkcrd@cand.uscourts.gov.

- Verdict Form:

    - o   The verdict form shall use the terms "preponderance of the evidence" and "clear and convincing evidence."
    - o   The verdict form questions on willfulness shall follow immediately after the questions on infringement.
    - o   The phrase "valid" shall be used in lieu of the phrase "valid and enforceable."
    - o   The jury shall not be asked whether claim 10 of the '597 Patent is anticipated.
    - o   The verdict form questions on damages shall appear at the end of the patent questions and at the end of the breach of contract questions.
    - o   The questions on damages shall specify that contract damages are sought before October 1, 2010 and that patent damages are sought after October 1, 2010.
    - o   Cepheid's proposed questions on the statutory bars shall be used, provided that the phrase "clear and convincing evidence" is used in lieu of "highly probable."
    - o   The verdict form shall not include separate questions for each prior art reference alleged to render Abaxis's patents obvious.
    - o   The verdict form shall not include a question on double patenting.
    - o   The parties are ordered to meet and confer on verdict form questions that break out Abaxis's claims of infringement under the doctrine of equivalents.
    - o   The parties shall file an amended verdict form consistent with these Orders, and shall email a soft copy to lhkcrd@cand.uscourts.gov.

- Abaxis's August 21, 2012 expert report is part of the case record, pursuant to the parties' stipulation on the record.

- Voir Dire: The list of attorneys and witnesses shall be single spaced with two columns per page.  The court will not send out jury questionnaires.  Jury voir dire will be conducted orally.  The jury shall have 8 members.  As set forth in the Court's July 20, 2012 Case

3
Case No: 10-CV-02840-LHK
PRETRIAL CONFERENCE ORDER

Management Order, each party shall be limited to 15 minutes of attorney voir dire and 3 preemptory challenges.

- Jury Notebooks shall include: (1) the preliminary jury instructions; (2) the model patent from the Federal Judicial Center instructional video; (3) the four patents-in-suit; (4) the claims with construed terms highlighted and the Court's claim constructions; (5) a glossary; (6) witness photos that depict the witnesses as they will appear at trial; (7) a tab for the final jury instructions; and (8) blank lined paper.

- Objections to Opening Demonstratives and Trial Exhibits: The parties shall file objections to opening demonstratives at 8 a.m. the day before opening statements.  The parties shall file objections to exhibits at 8 a.m. the day before the exhibits will be used.

- Trial Dates: Trial shall begin on September 24, 2012 at 1:30 p.m.  Trial is scheduled to continue through September 25 and 28, and October 1, 2, and 5.  If trial concludes by October 2, 2012, the jury may deliberate on October 3 and 4.

- Time Limits:  Each party is limited to a 45 minute opening statement, 15 hours of trial time, and 90 minutes of closing argument.  After playing designated deposition testimony and counter-designations during trial, the parties shall provide the Court with the exact time charged to each party.

**IT IS SO ORDERED.**

Dated: September 14, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

4
Case No: 10-CV-02840-LHK
PRETRIAL CONFERENCE ORDER